## JAMES HARRISON v. THE STATE.

CRIMINAL LAW. *Selling liquor. Evidence.* Upon the trial of defendant on an indictment for selling liquor within four miles of an incorporated institution of learning, where it appeared the trustees, by writing, had leased the school to the teachers, and by said lease no right of supervision or control was reserved. *Held,* it was competent for the State to prove by parol that the trustees still retained the supervision and control over said school. While it might be incompetent as between the lessors and lessees to admit the parol proof, yet the defendant can not rely upon the objection.

### FROM DEKALB.

Appeal in error from the Circuit Court of DeKalb county. MATT. W. ALLEN, J., sitting by interchange.

JAMES M. QUARLES and W. W. & W. T. WADE for Harrison.

ATTORNEY-GENERAL LEA for the State.

COOKE, J., delivered the opinion of the court.

The defendant was indicted under section 5679 of the Code (M. & V.), for selling intoxicating beverages within four miles of an incorporated institution of learning. He has been tried and convicted, and sentenced to pay a fine of $100, and to be imprisoned for sixty days, and has appealed to this court. The evidence of the sale of the spirituous liquors is sufficient to sustain the charge, and there is no error in the instruction of the court upon that subject, and the only question necessary to be considered is, as to whether Pure Fountain College, within four miles of which the sale was made, was an incorporated institution of learning within the meaning of the section of the Code above cited.

The charter of Pure Fountain College was registered July 25, 1881, as shown by the certified list published by the secretary of State, and bound with the acts of the Legislature of 1883, as required by section 1697 of the Code, and which, by the provisions of the same section, is made legal evidence of the existence of such corporation. Said corporation was organized and erected a school building, and on March 29, 1884, by a contract in writing, "rented and leased" the same, together with the grounds, fixtures, etc., thereunto appertaining, to P. W. Dod-

son and T. B. Kelly for the term of five years, commencing July 1, 1884, and to expire July 1, 1889, to be used by them for school purposes and no other; said Dodson and Kelly binding themselves to teach in said building, a graded normal school forty weeks in each year; and said Dodson and Kelly further agreed to employ and pay a corps of competent assistant teachers, sufficient in numbers to give due instruction to all the students who may attend said school; and they further agreed and bound themselves to pay to said trustees, their agent or successors, a sum equal to six per cent. of the gross amount received by them for tuition, payable semi-annually.

Said lessees, Dodson and Kelly, took possession of said building and premises under said lease, employed a corps of teachers and had a school in successful operation at the time of the sale of the liquor within less than four miles of this school by the defendant, and for which he is indicted. As will be seen by the terms of this lease, said corporate authorities reserved no right or power of supervision or control whatever over the school provided for in said lease. On the trial, however, it was proved, over the objection of the defendant, that said lessees advise with the trustees about the employment of teachers; that they nominate them before the board, and the board confirms them; that they have no contract outside of the lease, and are holding the college and teaching under the lease; but that the trustees still retain a general supervision and control of the school in regard to discipline and management; that the

teachers consult and confer with the trustees in all
such matters. The action of the court in admitting
this testimony over the defendant's objection, is as-
signed and insisted upon as error, for the reason,
as alleged, that it is admitting parol testimony to
vary the written contract. We do not think so.
This is not a contest between the parties to the con-
tract as to their respective rights under it, and
whether the right of supervision in the trustees exists.
by the contract or by the voluntary concession or
procurement of the lessees, can make no difference
to the defendant. It was a right which the cor-
porate authorities were exercising at the time, and
which the lessees recognized and acquiesced in. The
minutes kept by the board of trustees are in the
record, and show that before teachers were employed
they were nominated to the board by the lessees,
and elected by the board, or their nominations con-
firmed. The trustees were in the exercise, as we
think, of their proper functions when they procured
said lessees to conduct the school, and who, we
presume, were selected by them as suitable and proper
persons for that purpose, and the quality, conduct,.
etc.,' of the school to be taught was provided for in
the lease. We think this school, organized as it was,
and conducted under the supervision of the corporate ·
authorities as above stated, was an incorporated institu-
tion of learning within the meaning of the section of
the Code above referred to, known as the four mile law.
How it might have been, had the lessees stood upon
their strict rights under the lease, and denied the right

of the board to supervise or control their operations in any respect, it is not necessary to determine, but the right being conceded and acted upon by both parties, it is the same, so far as the defendant and the public are concerned, as if no such lease had existed. This school was subject to the mischief intended to be remedied by the passage of the act, and is entitled to its protection, and so the court virtually instructed the jury. In this there was no error.

This is not like the case of *Dunlap & Windham* v. *The State*, decided at this place at the December term, 1883, of this court. In that case, the building was incomplete, the corporate authorities were not prepared to organize a school under their charter, and permitted a free school to be taught in the unfinished building under the supervision alone of the free school commissioners, and with which they had nothing to do. In that case, we held the free school was not an incorporated institution of learning. We are still satisfied with that decision, but the case here presented is wholly different. There is no error in the record, and the conviction was proper. We see no circumstances of aggravation in the sale of the liquor in this case, as the testimony shows it was sold to an old and feeble man to make into bitters to be taken by him and his wife, who was also in feeble health, as medicine. We therefore feel inclined to reduce the term of imprisonment imposed by the circuit judge to one month, which is the lowest term that can be imposed under the statute. With this modification, the judgment must be affirmed.